Teresa **CORRAL–LERMA, Appellant,**

v.

**BORDER DEMOLITION & ENVIRON-MENTAL, INC., Raul Solis, individually, and Bonnie Solis, individually, Appellees.**

No. 08–11–00134–CV.

Court of Appeals of Texas, El Paso.

May 30, 2012.

Veronica Teresa Lerma, El Paso, TX, for Appellant.

Jeffrey T. Lucky, Ray, Valdez, McChristian & Jeans, P.C., James A. Martinez, James A. Martinez, P.L.L.C., El Paso, TX, for Appellees.

Before McCLURE, C.J., RIVERA, and ANTCLIFF, JJ.

## *OPINION ON MOTION*

ANN CRAWFORD McCLURE, Chief Justice.

Pending before the Court is a motion filed by Border Demolition & Environmental, Inc., Appellee, to review the sufficiency of security. *See* TEX.R.APP.P. 24.4. We grant the motion and order that the amount of security is increased to include the attorney's fees award of $78,001.

## FACTUAL AND PROCEDURAL SUMMARY

Corral–Lerma filed suit against Border Demolition and its principals, Raul Solis and Bonnie Solis, asserting claims for trespass to real property, conversion of personal property, negligent trespass, private nuisance, common-law fraud, negligent misrepresentation, tortious interference, and theft under the Texas Theft Liability Act.[1] In its answer, Border Demolition sought recovery of attorney's fees under the TTLA. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 134.005(b). The trial court granted Border Demolition's motion for traditional

---

1. TEX.CIV.PRAC. & REM.CODE ANN. §§ 134.001– 134.005 (West 2011).

and no-evidence summary judgment on all claims and the attorney's fees issue proceeded to a jury trial. The jury awarded Border Demolition reasonable and necessary attorney's fees in the amount of $78,001 incurred in defense of the TTLA claim with additional amounts awarded for appeal. The trial court entered judgment in favor of Border Demolition for attorney's fees, court costs, and post-judgment interest. Corral–Lerma appealed and deposited $3,599.20 as appellate security in lieu of bond. Border Demolition filed a motion requesting the trial court to determine the sufficiency of the security. It argued that the security should include the attorney's fees and requested that the amount of security be set at $81,901. Corral–Lerma responded that the fee award is not included in the amount of security under Section 52.006 of the Civil Practice and Remedies Code. The trial court agreed with Corral–Lerma that attorney's fees are not compensatory damages and set the amount of appellate security at $3,599.20.

## SUFFICIENCY OF APPELLATE SECURITY

Border Demolition filed a motion pursuant to TEX.R.APP.P. 24.4(a) asking that we review the sufficiency of appellate security. It argues that the amount of security should include the attorney's fees awarded by the jury.

### Relevant Law and Standard of Review

■ Section 134.005(b) of the TTLA provides that: "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX.CIV.PRAC. & REM. CODE ANN. § 134.005(b). The award of attorney's fees under this section to the

prevailing party is mandatory. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998)(statutes providing that a party "may recover," "shall be awarded," or "is entitled to attorney's fees" are not discretionary).

Rule 24 of the Texas Rules of Appellate Procedure sets forth the requirements for suspending enforcement of the judgment pending appeal in civil cases. *See* TEX. R.APP.P. 24. A judgment debtor may supersede a judgment by filing with the trial court clerk a good and sufficient bond or by making a deposit with the trial court clerk in lieu of a bond. *See* TEX.R.APP.P. 24.1(a)(2), (4).[2] When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a); TEX.CIV.PRAC. & REM.CODE ANN. § 52.006(a)(West 2008). The trial court may set a lower amount of security if the judge finds that the amount required by Rule 24.2(a) will cause the judgment debtor substantial economic harm. TEX.R.APP.P. 24.2(b); TEX.CIV.PRAC. & REM.CODE ANN. § 52.006(c).

Upon motion of a party, a court of appeals is authorized to review the trial court's ruling on security. TEX.R.APP.P. 24.3(a); TEX.CIV.PRAC. & REM.CODE ANN. § 52.006(d). A party may file a motion to obtain review of: (1) the sufficiency or excessiveness of the amount of security; (2) the sureties on any bond; (3) the type of security required; (4) the trial court's determination whether to permit suspension of enforcement; and (5) the trial court's exercise of discretion under Rule 24.3(a). TEX.R.APP.P. 24.4(a). The appellate court may require that the amount of

**2.** Rule 24.1(a) provides two other methods for superseding the judgment but neither is applicable here. TEX.R.APP.P. 24.1(a)(1), (3).

a bond, deposit, or other security be increased or decreased, and that another bond, deposit, or security be provided and approved by the trial court clerk. TEX. R.APP.P. 24.4(d).

■ We generally review the trial court's determination of the amount of security under an abuse of discretion standard. *Texas Custom Pools, Inc. v. Clayton*, 293 S.W.3d 299, 305 (Tex.App.-El Paso 2009, order), *judgment vacated due to settlement*, No. 08–07–00197–CV, 2010 WL 3419182 (Tex.App.-El Paso Aug. 31, 2010, no pet.). Under this standard, the question is not whether the reviewing court would have come to the same conclusion as the trial court, but whether the court acted without reference to any guiding rules and principles. *Montelongo v. Exit Stage Left, Inc.*, 293 S.W.3d 294, 297 (Tex.App.-El Paso 2009, order), *dismissed due to settlement, Montelongo v. Cisneros*, No. 08–08–00324–CV, 2010 WL 3708931 (Tex.App.-El Paso Sept. 22, 2010, no pet.). In this case, however, the operative facts are undisputed and the trial court made a conclusion of law that attorney's fees are not compensatory damages, and therefore, are not included in the amount of security. We review a trial court's conclusions of law *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002). Further, the issue raised by Border Demolition's motion requires us to construe Section 52.006 of the Civil Practice and Remedies Code. Statutory construction is a question of law that we review *de novo*. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003).

When construing a statute, we begin with its language. *Shumake*, 199 S.W.3d at 284; *Sanchez v. Board of Adjustment for City of San Antonio*, 387 S.W.3d 745, 751 (Tex.App.-El Paso 2012, pet. filed). We must interpret the statute according to the plain meaning of the language used, and must read the statute as a whole without giving effect to certain provisions at the expense of others. *City of San Antonio*, 111 S.W.3d at 25; *Sanchez*, 387 S.W.3d 745, 751. Each word, phrase, or expression must be read as if it were deliberately chosen, and we will presume that words excluded from a provision were excluded for a purpose. *Sanchez*, 387 S.W.3d 745, 751; *Gables Realty Ltd. Partnership v. Travis Central Appraisal District*, 81 S.W.3d 869, 873 (Tex.App.-Austin 2002, pet. denied). We may consider other matters in ascertaining legislative intent, including the objective of the law, circumstances under which the statute was enacted, legislative history, other laws on the same subject, and the consequences of a particular construction. *See* TEX.GOV'T CODE ANN. § 311.023(1)-(5) (West 2005); *see Shumake*, 199 S.W.3d at 284; *Sanchez*, 387 S.W.3d 745, 751.

Prior to the enactment of Section 52.006 in 2003, the amount of security required to supersede a money judgment was set by the former version of Rule 24 as "at least the amount of the judgment, interest for the estimated duration of the appeal, and costs." *Shook v. Walden*, 304 S.W.3d 910, 918 (Tex.App.-Austin 2010, order), *quoting* former TEX.R.APP.P. 24.2(a)(1). Texas courts interpreted this rule as requiring security for the amount of attorney's fees awarded in a money judgment. *Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.*, 355 S.W.3d 296, 300–01 (Tex.App.-Houston [1st Dist.] 2011, order); *Shook*, 304 S.W.3d at 918. Under Section 52.006(a), the amount of security required to supersede a money judgment is the sum of the amount of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.CIV.PRAC. & REM.CODE ANN. § 52.006(a). With the en-

actment of Section 52.006(b), the Legislature capped the amount of security as the lesser of $25 million or 50 percent of the judgment debtor's net worth. *Shook,* 304 S.W.3d at 918, *citing* TEX.CIV.PRAC. & REM. CODE ANN. § 52.006(b). The Legislature also added a requirement that the trial court lower the amount of security upon a showing that the judgment debtor is likely to suffer substantial economic harm if required to post security in an amount required under Section 52.006(a) or (b). TEX.CIV.PRAC. & REM.CODE ANN. § 52.006(c).

One legal scholar has concluded that these legislative changes reflect a new balance between the judgment creditor's right in the judgment against the judgment debtor's right to meaningful and easier access to appellate review. Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal After House Bill 4,* 46 S.TEX.L. REV. 1035, 1038 (2005). Since the enactment of Section 52.006, a split of authority has developed between intermediate appellate courts regarding the interpretation of Section 52.006(a) and whether attorney's fees must be included in the amount of security required to supersede a judgment. Two intermediate appellate courts have concluded that attorney's fees are not compensatory damages or costs awarded in the judgment under Section 52.006, and therefore, security is not required for the amount of attorney's fees. *See Imagine Automotive Group, Inc. v. Boardwalk Motor Cars, L.L.C.,* 356 S.W.3d 716, 719–20 (Tex.App.-Dallas 2011, order); *PopCap Games, Inc. v. MumboJumbo, L.L.C.,* 317 S.W.3d 913, 914 (Tex.App.-Dallas 2010, order); *Shook,* 304 S.W.3d at 919–24. Two other courts have concluded that attorney's fees must be included in the amount of security. *See Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.,* 355 S.W.3d 296, 300–303 (Tex.App.-Houston [1st Dist.] 2011, order); *Clearview Proper-*

*ties, L.P. v. Property Texas SC One Corporation,* 228 S.W.3d 262, 263–64 (Tex. App.-[14th Dist.] 2007, order).

The term "compensatory damages" is not defined by Section 52.006. Black's Law Dictionary defines compensatory damages as "[d]amages sufficient in amount to indemnify the injured person for the loss suffered." BLACK'S LAW DICTIONARY 445 (9th ed.2009). In *Shook,* the Austin Court of Appeals concluded that the definition of "compensatory damages" found in Section 41.001(8) of the Civil Practice and Remedies Code is applicable to Section 52.006(a). *Shook,* 304 S.W.3d at 920. Section 41.001(8) provides that "compensatory damages" means economic and noneconomic damages. TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(8)(West 2008). The term does not include exemplary damages. *Id.* Section 41.001 likewise defines economic and noneconomic damages. "Economic damages" means compensatory damages intended to compensate a claimant for actual economic or pecuniary loss. TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(4). The term does not include exemplary or noneconomic damages. TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(4). "Noneconomic damages" means damages awarded for the purpose of compensating a claimant for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, disfigurement, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind other than exemplary damages. TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(12). Despite Section 41.001's provision that the definitions apply "[i]n this chapter," the Austin Court of Appeals rejected the argument that the definitions are inapplicable to Section 52.006 because Chapter 41 "applies to any action in which a claimant seeks damages relating to a

cause of action." *Shook*, 304 S.W.3d at 920–21; TEX.CIV.PRAC. & REM.CODE ANN. § 41.002(a). The Court found that a relationship existed between Chapter 41's definitions and Section 52.006 because they have common origins in H.B. 4. *Id.* at 920. The Court went on to conclude that Chapter 41's text and relationship to Section 52.006 reflect legislative intent to incorporate Chapter 41's definition of "compensatory damages" into Section 52.006(a)(1). *Id.* at 920–21. The Dallas Court of Appeals has followed *Shook* in two cases, one of which, like the instant case, involved an award of attorney's fees under the Texas Theft Liability Act. *See Imagine Automotive Group*, 356 S.W.3d at 719–20 (award of attorney's fees under the Texas Theft Liability Act); *PopCap Games, Inc.*, 317 S.W.3d at 914 (award of attorney's fees in breach of contract case).

In *Fairways*, the First Court of Appeals considered whether attorney's fees awarded pursuant to Section 38.001(8) of the Civil Practice and Remedies Code are "compensatory damages" within the meaning of Section 52.006. *Fairways*, 355 S.W.3d at 300–01. The Court of Appeals disagreed with *Shook* and held that Chapter 41's de definition of compensatory damages is inapplicable to Section 52.006. The Court noted that the plain language of Chapter 41 reflects that the Legislature enacted its provisions to create standards and procedures for the recovery of exemplary damages and to define certain damages in order to limit exemplary damage awards. *Fairways*, 355 S.W.3d at 302. The Court found no suggestion in Chapter 41 that any of its provisions has any applicability to setting a good and sufficient bond to suspend enforcement of a money judgment during the pendency of an appeal. *Id.* Further, the First Court of Appeals did not find any relationship between Chapter 41 and Section 52.006. *Id.* The Court also found it significant that the

definitions employed in Chapter 41 are expressly prescribed to apply to that chapter only. *Id. citing* TEX.CIV.PRAC. & REM. CODE ANN. § 41.001 (stating that definitions provided by Section 41.001 apply "[i]n this chapter.").

We find the *Fairways* decision to be well-reasoned and will follow it here. We make the additional observation that *Shook* states that the Legislature intended for Chapter 41's definitions to apply broadly to civil cases, but the opinion makes no mention of Section 41.002(d) which provides that Chapter 41 does not apply to (1) Section 15.21 of the Business and Commerce Code; (2) an action brought under the Deceptive Trade Practices–Consumer Protection Act except as specifically provided in Section 17.50 of that Act; (3) an action brought under Chapter 36 of the Human Resources Code; or (4) an action brought under Chapter 21 of the Texas Insurance Code. TEX.CIV.PRAC. & REM.CODE ANN. § 41.002(d). If we conclude that Section 41.001(8)'s definition of compensatory damages applies to Section 52.006(a) for purposes of determining the amount of security required to supersede a judgment, that definition would not apply to appeals arising out of the cases excluded by Section 41.002(d). Would we apply Black's definition of compensatory damages in those appeals and Section 41.001(8)'s definition in other appeals? As the First Court of Appeals noted in *Fairways*, the application of Chapter 41's definition of compensatory damages to Section 52.006 has created confusion in what should be a fairly straightforward matter. *Fairways*, 355 S.W.3d at 302.

 The final issue to be determined is whether attorney's fees are compensatory damages or costs such that the award must be included in the amount necessary to supersede a judgment pending appeal.

An award of attorney's fees under the Texas Theft Liability Act compensates or indemnifies a defendant for the legal expense he incurs in successfully defending against a claim made against him under the Act. As such, it falls within the common definition of compensatory damages. *See Fairways,* 355 S.W.3d at 302–03. We conclude that the amount of attorney's fees must be included in determining the amount of security required to supersede a judgment under Section 52.006 and Rule 24.2(a). We therefore grant Border Demolition's motion to increase the amount of security required to supersede the judgment pending appeal and we order that the amount of security be increased by $78,001 in order to include the amount of attorney's fees awarded by the jury to Border Demolition.