# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0485
════════════

IN RE TERESA CORRAL-LERMA, RELATOR

═══════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════════════

**PER CURIAM**

This case presents a question recently decided by this Court—whether attorney's fees are "compensatory damages" for purposes of calculating the security amount necessary to supersede a judgment during appeal. The trial court agreed with relator Teresa Corral-Lerma that the supersedeas statute does not require inclusion of attorney's fees in calculating the security amount. The court of appeals, however, granted Border Demolition's motion to review sufficiency of the security and ordered the security amount to be increased to include the attorney's-fees award against Corral-Lerma. *See* TEX. R. APP. P. 24.4. After the court of appeals issued its opinion but before this case reached this Court, we separately held that attorney's fees are not compensatory damages for purposes of the supersedeas statute. *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168 (Tex. 2013). In light of that holding, we conditionally grant mandamus relief.

Eduardo Lerma, Corral-Lerma's husband, hired Border Demolition and Environmental, Inc., to perform demolition work. Border Demolition eventually sued Lerma, claiming he never paid for the work. Corral-Lerma then filed a separate suit against Border Demolition under the Texas Theft

Liability Act, and Border Demolition counterclaimed for attorney's fees under the same Act. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b). The trial court granted summary judgment in Border Demolition's favor and awarded $78,001 in attorney's fees through trial and conditional fees for appeal, as well as court costs and post-judgment interest.

In lieu of a supersedeas bond, Corral-Lerma deposited $3,599.20, an amount equal to the court costs awarded to Border Demolition. Border Demolition moved for a review and increase of the appellate security. But the trial court agreed with Corral-Lerma that attorney's fees are not an award of "compensatory damages" under section 52.006 of the Texas Civil Practice and Remedies Code and therefore were properly excluded from the security amount. In granting Border Demolition's motion to review the sufficiency of security, the court of appeals held that an attorney's-fees award under the Texas Theft Liability Act "compensates or indemnifies a defendant for the legal expense he incurs in successfully defending against a claim made against him under the Act" and therefore "falls within the common definition of compensatory damages." *Corral-Lerma v. Border Demolition & Envtl., Inc.*, 420 S.W.3d 59, 64–65 (Tex. App.—El Paso 2012, order).

After the court of appeals issued its opinion, we held in *In re Nalle Plastics* that attorney's fees are neither compensatory damages nor costs for purposes of superseding enforcement of a money judgment. 406 S.W.3d at 176. Border Demolition acknowledges our holding in *Nalle Plastics* but argues an exception should apply under the Texas Theft Liability Act because a prevailing defendant must be awarded attorney's fees even without an award of compensatory damages. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b). Under such circumstances, Border Demolition argues,

2

an attorney's-fees award is more like a compensatory-damages award because it compensates the defendant for its out-of-pocket expenses in defending against a lawsuit.

It is true that the Texas Theft Liability Act provides for attorney's fees even without an underlying damages recovery whereas the statute at issue in *Nalle Plastics* provided for attorney's fees only if a party had first recovered damages. *See Nalle Plastics*, 406 S.W.3d at 173. But this statutory distinction does not undermine the inherent differences between compensatory damages and attorney's fees we acknowledged in *Nalle Plastics*. *See* 406 S.W.3d at 171–74. On the contrary, we observed that "[w]hile attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages." *Id.* at 173.

Border Demolition further argues that failure to create an exception to *Nalle Plastics* under the facts of this case allows Corral-Lerma to supersede the judgment against her during appeal with essentially no security against the risk of delay in enforcing the judgment. However, under the scheme the legislature enacted, Border Demolition is hardly alone. Litigants who receive a compensatory-damages award that is significantly smaller than an accompanying attorney's-fees award likely will feel similarly. The statute also provides that security is capped at the lesser of fifty percent of the judgment debtor's net worth or $25 million, and requires trial courts to reduce the amount of security if a judgment debtor shows he is likely to suffer substantial economic harm. *See* TEX. CIV. PRAC. & REM. CODE § 52.006(b), (c). As we recognized in *Nalle Plastics,* this scheme "'reflect[ed] a new balance between the judgment creditor's right in the judgment and the dissipation of the judgment debtor's assets during the appeal against the judgment debtor's right to meaningful

3

and easier access to appellate review.'" *Nalle Plastics*, 406 S.W.3d at 170 (quoting Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal after House Bill 4*, 46 S. TEX. L. REV. 1035, 1038 (2005)). It is the legislature's prerogative to strike that balance and our duty to enforce the statute as we find it.

Finally, Border Demolition argues that even if Corral-Lerma's security amount need not cover the attorney's-fees award, it nonetheless must include interest on those fees. In support, Border Demolition points out that the supersedeas statute requires security covering the "interest for the estimated duration of the appeal" without distinguishing between interest on compensatory damages and costs or other recoveries provided for by the judgment. TEX. CIV. PRAC. & REM. CODE § 52.006(a)(2). Two courts of appeals have agreed, holding a judgment debtor must provide security for interest on the entire judgment. *See Tex. Standard Oil & Gas, L.P. v. Frankel Offshore Energy, Inc.*, 344 S.W.3d 628, 629 (Tex. App.—Houston [14th Dist.] 2011, order [mand. denied]); *Shook v. Walden*, 304 S.W.3d 910, 929 (Tex. App.—Austin 2010, pet. denied).

In a well-reasoned dissent in *Texas Standard*, now-Chief Justice Frost argued such an interpretation "contradict[s] the unambiguous language of the applicable statute and violate[s] the firmly embedded rule that interest follows principal." 344 S.W.3d at 633 (Frost, J., dissenting). We agree. Before House Bill 4, the comprehensive tort-reform measure that brought section 52.006 into law, the security amount was required to cover the entire amount of a money judgment, court costs, and interest. *Nalle Plastics*, 406 S.W.3d at 169–70. But since the enactment of House Bill 4, the full amount of the judgment is no longer protected. *Id.* at 170. It is unreasonable to construe the current supersedeas statute to require interest on categories of a judgment the Legislature specifically sought

to exclude from the security amount. We do not read section 52.006 to require Border Demolition's compensation for the time value of an award that was not considered in calculating its appellate security. Accordingly, we disapprove of *Texas Standard* and *Shook* to the extent they hold that a security amount must include interest on attorney's fees or any other category of a judgment not required to be included in the security amount.

* * *

In light of our holding in *In re Nalle Plastics*, and without hearing oral argument, TEX. R. APP. P. 59.1, we conditionally grant mandamus relief and direct the court of appeals to withdraw its order granting Border Demolition's motion to increase the amount of security required to supersede the judgment against Corral-Lerma pending appeal. We are confident the court of appeals will comply, and the writ will issue only if it fails to do so.

OPINION DELIVERED: November 21, 2014