ACCEPTED
03-13-00336-CV
4219443
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/19/2015 4:33:41 PM
JEFFREY D. KYLE
CLERK

## CASE NO. 03-13-00336-CV

### IN THE COURT OF APPEALS
### THIRD COURT OF APPEALS DISTRICT
### AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/19/2015 4:33:41 PM
JEFFREY D. KYLE
Clerk

**R.D. TIPS, INC.,**
Appellant

v.

**VIRGINIA JETT,**
Appellee

---

### Appeal from the 419th District Court, Travis County, Texas
### Trial Court Cause No. D-1-GN-11-003799
### Hon. Rhonda Hurley, Judge Presiding

---

### APPELLANT'S RESPONSE TO
### MOTION TO INCREASE AMOUNT
### OF SUPERSEDEAS BOND

---

Jonathan D. Pauerstein
State Bar No. 15637500
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

ATTORNEYS FOR APPELLANT,
R.D. TIPS, INC.

1

469216.1

To The Honorable Third Court of Appeals:

Appellant, R.D. Tips, Inc., in opposition to Appellee's Motion To Increase Amount of Supersedeas Bond, states the following:

1.    Appellee seeks to increase the amount of Appellant's supersedeas bond because the passage of time has led to the accrual of interest. As Appellee would have it, the bond that originally was sufficient in amount should be increased to account for additional interest accrued while this case has been under consideration by this Court.

2.    The amount of a supersedeas bond is supposed to equal the amount of compensatory damages, "interest for the estimated duration of the appeal," and costs of court. Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a) (West 2014).

3.    The supersedeas bond posted by Appellant includes post-judgment interest for one year at a rate of 5%. *See* Exhibit A hereto. This Court has held that security for one year of post-judgment interest complies with section 52.006 of the Civil Practice & Remedies Code. *Shook v. Walden*, 304 S.W.3d 910, 929-30 (Tex. App.—Austin 2010).[1]

---

[1]    Another aspect of this decision was disapproved in *In re Corral-Lerma*, 2014 WL 6612872, at *2 (Tex. Nov. 21, 2014) ("Accordingly, we disapprove of *Texas Standard* and *Shook* to the extent they hold that a security amount must include interest on attorney's fees or any other category of a judgment not required to be included in the security amount.").

2

4. Appellee does not contend that Appellant's bond was not sufficient when it was posted. In fact, the amount of Appellant's bond includes attorneys' fees of $85,000.00 and interest on that sum. Under recent decisions, it generally is not necessary to include attorneys' fees in the amount superseded. *In re Corral-Lerma*, 2014 WL 6612872, at *1 (Tex. Nov. 21, 2014). The amount originally posted thus was excessive by the amount of the attorneys' fees and post-judgment interest thereon.

5. This Court also has recognized that the question of an increase in the bond amount is one for the district court: "If security to cover post-judgment interest for a longer period becomes warranted as the appeal progresses, the district court retains jurisdiction to revisit the matter at that juncture." *Shook v. Walden*, 304 S.W.3d at 929-30; *see also* Tex. R. App. P. 24.3 (providing for continuing district court jurisdiction).

6. This Court is authorized to review a trial court's action on a request for an increase in the amount of a bond. Tex. R. App. P. 24.4. A trial court's ruling as to the amount of a supersedeas bond is reviewed under an abuse of discretion standard. *Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.*, 355 S.W.3d 296, 299 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

7. Appellee does not contend that the amount originally set for the bond was an abuse of discretion, or that it was inadequate at the time it was set. Nor

3

does she complain of a district court's ruling on a request for an increase of the bond amount.

8. Appellee thus does not present anything for review by this Court under Tex. R. App. P. 24.4.

9. Moreover, particularly since the penal amount of the bond includes $85,000 for attorneys' fees and interest thereon, which was not required to be superseded, the amount of the bond is adequate to protect Appellee.

For the foregoing reasons, Appellee's motion should be denied.

Respectfully submitted,

Jonathan D. Pauerstein
State Bar No. 15637500
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com

ATTORNEYS FOR APPELLANT,
R.D. TIPS, INC.

4

469216.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing Appellant's Response To Motion To Increase Amount Of Supersedeas Bond was served via United States Mail on this 19th day of February, 2015, to the following counsel of record:

Eric J. Taube
Hohmann, Taube & Summers LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701

_____
Jonathan D. Pauerstein

469216.1

## SUPERSEDEAS / APPEAL BOND

Bond No. 3351985
In the 419th Judicial District Court
of the State of Texas
In and for Travis County
Case or Cause No. D-1-GN-11-003799

Filed in The District Court
of Travis County, Texas
OCT 11 2013
At 8.30a. M.
Amalia Rodriguez-Mendoza, Clerk

VIRGINIA JETT _____, Plaintiff

Vs.

R.D. TIPS, INC. _____, Defendant

KNOW ALL BY THESE PRESENTS, That we, R.D. Tips, Inc., as principal, and SureTec Insurance Company, a corporation organized under the laws of the State of Texas, and duly authorized to transact business in the State of Texas, as Surety, are held and firmly bound unto Virginia Jett in the just and full sum Three Million Seven Hundred Eighty Eight Thousand Seven Hundred Forty Five Dollars and Forty Seven Cents ($3,788,745.47), for which sum, well and truly to be paid, we bind ourselves, our and each of our heirs, executors, administrators, successors and assigns, jointly and severally, firmly be these presents.

WHEREAS, on the 11th day of February, 2013, a judgment was rendered by the 419th Judicial District Court of the State of Texas, in and for the County of Travis, in the above entitled and numbered action in favor of the Plaintiff, Virginia Jett, and against the Defendant, R.D. Tips, Inc. adjudging and decreeing that the Plaintiff will have and recover from said Defendant the sum stated above, with interest at the legal rate, until paid, together with the Plaintiff's costs in this action; and

WHEREAS, said Defendant has appealed, or is about to appeal, to the 419th Judicial District Court of the State of Texas, from the above mentioned judgment and the whole thereof, and said Defendant desires to suspend execution of said judgment pending such appeal.

NOW THEREFORE, the condition of this obligation is such that, if the above named Defendant, R.D. Tips, Inc., shall prosecute his appeal with effect and shall, if the judgment of the 419th Judicial District Court be against him, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded against him, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded against him on such appeal, then this obligation shall be void, otherwise to remain in full force and effect.

PROVIDED, HOWEVER, that in no event shall the surety's liability exceed the penal sum of this bond.

Signed, sealed, and dated this 7th day of October, 2013.

Jonathan D. Pauerstein and Esther Juanita Pelaez-Prada
Attorney of Record
755 East Mulberry, Suite 220
Address
San Antonio, Texas 78212

(210) 225-5000
Phone

R.D. Tips, Inc.
Principal
By: _____

SureTec Insurance Company
Surety
By: _____
Dan Webster, Attorney-in-Fact

PLACED IN BOND BOOK NO. 9



EXHIBIT
A
tabbies

POA #:_____3351985_____

# SureTec Insurance Company
## LIMITED POWER OF ATTORNEY

***Know All Men by These Presents,*** That SURETEC INSURANCE COMPANY (the "Company"), a corporation duly organized and existing under the laws of the State of Texas, and having its principal office in Houston, Harris County, Texas, does by these presents make, constitute and appoint

Dan Webster

its true and lawful Attorney-in-fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include waivers to the conditions of contracts and consents of surety for:

**Principal:** R.D. Tips Inc.

**Amount:** $ 3,788,745.47

and to bind the Company thereby as fully and to the same extent as if such bond were signed by the President, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said Attorney-in-Fact may do in the premises. Said appointment is made under and by authority of the following resolutions of the Board of Directors of the SureTec Insurance Company:

*Be it Resolved,* that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:
*Attorney-in-Fact* may be given full power and authority for and in the name of and, of behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.
*Be it Resolved,* that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached. *(Adopted at a meeting held on 20ᵗʰ of April, 1999.)*

***In Witness Whereof,*** SURETEC INSURANCE COMPANY has caused these presents to be signed by its President, and its corporate seal to be hereto affixed this 21st day of March, A.D. 2013.

SURETEC INSURANCE COMPANY



By: _____
John Knox Jr., President

State of Texas        ss:
County of Harris

On this 21st day of March, A.D. 2013 before me personally came John Knox Jr., to me known, who, being by me duly sworn, did depose and say, that he resides in Houston, Texas, that he is President of SURETEC INSURANCE COMPANY, the company described in and which executed the above instrument; that he knows the seal of said Company; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Company; and that he signed his name thereto by like order.

JACQUELYN MALDONADO
Notary Public
State of Texas
My Comm. Exp. 6/18/2017



Jacquelyn Maldonado, Notary Public
My commission expires May 18, 2017

I, M. Brent Beaty, Assistant Secretary of SURETEC INSURANCE COMPANY, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Company, which is still in full force and effect; and furthermore, the resolutions of the Board of Directors, set out in the Power of Attorney are in full force and effect.

Given under my hand and the seal of said Company at Houston, Texas this ___7th___ day of ___October___, ___2013___, A.D.

M. Brent Beaty, Assistant Secretary

**Any Instrument issued in excess of the penalty stated above is totally void and without any validity.**
**For verification of the authority of this power you may call (713) 812-0800 any business day between 8:00 am and 5:00 pm CST.**

# SURETEC INSURANCE COMPANY

1330 Post Oak Blvd., Suite 1100, Houston, TX 77056

## TO BE ATTACHED TO AND FORM A PART OF SUPERSEDEAS/APPEAL BOND:

Bond No.                 3351985
issued by               SureTec Insurance Company
in favor of (Obligee)     Virginia Jett, Plaintiff
on behalf of (Principal)   R. D. Tips, Inc., Defendant

**IN CONSIDERATION OF THE PREMIUM CHARGED, it is understood and agreed that:**

effective October 7, 2013 the third paragraph:

> The third paragraph "WHEREAS, said Defendant has appealed, or is about to appeal, to the 419th Judicial District Court of the State of Texas, from the above mentions judgment and the whole thereof, and said Defendant desires to suspend execution of said judgment pending such appeal."

Is hereby changed to

> "WHEREAS, said Defendant has appealed, or is about to appeal, to the 3rd Court of Appeals of the State of Texas, from the above mentions judgment and the whole thereof, and said Defendant desires to suspend execution of said judgment pending such appeal."

**AND**

effective October 7, 2013, the fourth paragraph:

> "NOW THEREFORE, the condition of this obligation is such that, if the above named Defendant, R.D. Tips, Inc., shall prosecute his appeal with effect and shall, if the judgment of the 419th Judicial District Court be against him, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded against him, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded against him on such appeal, then this obligation shall be void, otherwise to remain in full force and effect".

Is hereby changed to:

> "NOW THEREFORE, the condition of this obligation is such that, if the above named Defendant, R.D. Tips, Inc., shall prosecute its appeal with effect and shall, if the judgment of the 3rd Court of Appeals be against Defendant, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded or affirmed against Defendant on said appeal, then this obligation shall be void, otherwise to remain in full force and effect."

**PROVIDED, HOWEVER**, that the liability of SureTec Insurance Company, under the attached bond as changed by this Rider shall not be cumulative.

Nothing herein contained shall be held to vary, waive, alter or extend any of the terms, conditions, agreements or warranties of the above mentioned bond, other than as stated above.

Signed this __13th__ day of _____November_____, 2013.


Jonathan D. Pauerstein and Esther Juanita Pelaez-Prada      R.D. Tips, Inc.
Attorney of Record                                      Principal
755 East Mulberry, Suite 220                By: _____
Address
San Antonio, Texas 78212                    SureTec Insurance Company
                                                 Surety

(210) 225-5000                                     By: _____
Phone                                               Dan Webster, Attorney-in-Fact

POA #: _____ 3351985 _____

# SureTec Insurance Company
## LIMITED POWER OF ATTORNEY

*Know All Men by These Presents,* That SURETEC INSURANCE COMPANY (the "Company"), a corporation duly organized and existing under the laws of the State of Texas, and having its principal office in Houston, Harris County, Texas, does by these presents make, constitute and appoint

Dan Webster

its true and lawful Attorney-in-fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include waivers to the conditions of contracts and consents of surety for:

**Principal:** R.D. Tips Inc.

**Amount:** $ 3,788,745.47

and to bind the Company thereby as fully and to the same extent as if such bond were signed by the President, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said Attorney-in-Fact may do in the premises. Said appointment is made under and by authority of the following resolutions of the Board of Directors of the SureTec Insurance Company:

> *Be it Resolved,* that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:
> *Attorney-in-Fact* may be given full power and authority for and in the name of and of behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.
> *Be it Resolved,* that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached. *(Adopted at a meeting held on 20th of April, 1999.)*

*In Witness Whereof,* SURETEC INSURANCE COMPANY has caused these presents to be signed by its President, and its corporate seal to be hereto affixed this 21st day of March, A.D. 2013.

SURETEC INSURANCE COMPANY

By: _____
John Knox Jr., President

State of Texas          ss:
County of Harris

On this 21st day of March, A.D. 2013 before me personally came John Knox Jr., to me known, who, being by me duly sworn, did depose and say, that he resides in Houston, Texas, that he is President of SURETEC INSURANCE COMPANY, the company described in and which executed the above instrument; that he knows the seal of said Company; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Company; and that he signed his name thereto by like order.

JACQUELYN MALDONADO
Notary Public
State of Texas
My Comm. Exp. 5/18/2017



Jacquelyn Maldonado, Notary Public
My commission expires May 18, 2017

I, M. Brent Beaty, Assistant Secretary of SURETEC INSURANCE COMPANY, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Company, which is still in full force and effect; and furthermore, the resolutions of the Board of Directors, set out in the Power of Attorney are in full force and effect.

Given under my hand and the seal of said Company at Houston, Texas this ___13th___ day of ___November___, ___2013___, A.D.

M. Brent Beaty, Assistant Secretary

**Any instrument issued in excess of the penalty stated above is totally void and without any validity.**
**For verification of the authority of this power you may call (713) 812-0800 any business day between 8:00 am and 5:00 pm CST.**

## TRAVIS COUNTY DISTRICT CLERK
### CALCULATION AND SUBMISSION OF SUPERSEDEAS BOND FOR JUDGMENT AWARDING A RECOVERY OF MONEY
If supersedeas amount **agreed** per T.R.A.P. 24.1(a)(1), check here ☐ and attach copy of Rule 11 or agreement. Complete only Sec. B below.
*To view detailed instructions or explanation, place cursor over any field with a red triangle in the upper right corner*

## SECTION A: CALCULATION OF BOND

| | | | |
|---|---|---|---|
| CAUSE #: | D-1-GN-11-003799 | PLTF: | Virginia Jett |
| DATE OF JUDGMENT: | 2/11/2013 | DEF: | R.D. Tips, Inc. |

| | | |
|---|---|---|
| COMPENSATORY DAMAGES | $ 3,354,314.06 | Award of attorney's fees subject to bond entered below |
| PRE-JUDGMENT INTEREST | | Detailed instructions in the comment |
| Rate of interest | | Enter rate with the % sign |
| Date interest commences: | | Per judgment or per applicable law |
| Date interest ends | 2/10/2013 | Defaults to day prior to judgment; enter different date if required by law |
| | | |
| ATTORNEY'S FEES | $ 85,000.00 | Include only if awarded as compensatory damages; otherwise, leave blank |
| COSTS OF COURT | $ 260.00 | Include only recoverable trial costs; no appellate costs |
| SUB-TOTAL | | |
| | | |
| POST-JUDGMENT INTEREST* | | Calculated for one year from date of judgment* |
| Interest (per tables - see link): | 5.00% | Defaults to minimum rate; link to tables: http://www.occc.state.tx.us/pages/int_rates/Index.html |
| | | |
| SUPERSEDEAS BOND AMOUNT | | |
| | | |
| ACTUAL BOND AMOUNT ** | 3,788,745.47 | 50% of Judgment Debtor's net worth( if less than Total Bond Amount) |

## SECTION B: SUBMISSION OF BOND

The amount of bond must be set by the trial court if:
 (1) less than amount required per Rule 24.2(a)(1)(A), T.R.A.P.
 (2) the judgment includes non-monetary relief
 (3) the judgment includes unspecified future costs or damages

Specify type of bond submitted: (Letter of credit cannot be used)
 ___ cash, personal check, cashier's check ***
 ___ negotiable securities (must be surrendered to the Clerk)
 _x__ surety: underwritten (include surety's seal + agent's power of attorney)
 ___ surety: personal (2 sureties required, oath of surety must be attached)

---

*Formulas are in conformance with Shook v. Walden, 304 S.W.3d 910. Post judgment interest is presumed to apply to all amounts subject to supersedeas pursuant to the opinion unless the judgment specifies otherwise. If no interest rate is specified, use the link to look up maximum interest rate based on judgment date.

** If total exceeds amount provided in Sec. 52.006(b) Civ. Pract. & Rem. Code; (Rule 24.2(a)(1)(A), T.R.A.P), **include Judgment Debtor's Affidavit** with bond as required per T.R.A.P. Rule 24.2(c)(1)

*** To have cash bonds invested, an order pursuant to Loc. Govt. Code 117.053 (c) is required.