**Motion Granted; Order filed January 9, 2017**



In The

## Fourteenth Court of Appeals

———————

NO. 14-16-00775-CV

———————

**DAVID A. THOMAS AND WESTGATE INTERNATIONAL DIVERSIFIED ENERGY SERVICES COMPANY, LP, Appellants**

**V.**

**BURBANK & SUTHERLAND, LP AND SHAWN O'BRIEN, Appellees**

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2015-10270**

## ORDER

Pursuant to Rule 24.4. of the Texas Rules of Appellate Procedure, appellants filed a motion to review the trial court's order setting supersedeas bond. We grant the motion and remand to the trial court for entry of findings of fact.

### BACKGROUND

In 2012, the parties entered into a mediated settlement agreement that required

appellants Thomas and Westgate to execute a $130,000 promissory note payable to appellee O'Brien. The note required appellants to pay O'Brien monthly installments of $2,500 with a balloon payment due on September 30, 2014. The note contained a clause permitting recovery of attorneys' fees if the note was placed with an attorney for collection:

> In addition to all principal and accrued interest on this note, Maker agrees to pay (i) all reasonable costs and expenses incurred by all owners and holders of this note in collecting this note through reorganization, bankruptcy, receivership or any other proceeding and (ii) reasonable attorney's fees when and if this note is placed in the hands of an attorney for collection after default.

According to the original petition appellants defaulted when they failed to make the balloon payment of $88,226.75 within 15 days of the maturity date. Appellees sued appellant for breach of the settlement agreement and sought attorneys' fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

The trial court signed a final judgment determining that appellants defaulted, and finding damages of $110,252.40. The trial court further ordered appellants to pay $70,572.81 in attorneys' fees. Appellants timely appealed.

On August 30, 2016, appellants filed a motion in the trial court to set a supersedeas bond amount pursuant to Texas Rule of Appellate Procedure 24. Appellants' motion did not specify a bond amount. On December 16, 2016, the trial court set a supersedeas bond amount of $185,301 for Thomas and $0 for Westgate. In the order, the trial court did not make specific findings other than the amount of the bonds. The trial court's docket sheet reflects the bond was set "on submission" without a hearing.

## DISCUSSION

When a judgment is for money, the amount of security must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment. Tex. Civ. Prac. & Rem. Code § 52.006(a). We review the trial court's determination of the amount of security for an abuse of discretion. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order). A failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id.* at 910. We may also remand this issue to the trial court for entry of findings of fact or for the taking of evidence. *See* Tex. R. App. P. 24.4(d).

Appellees argue that attorneys' fees are properly included in the calculation of the supersedeas bond in this case because the terms of the promissory note allowed for recovery of attorneys' fees incurred to collect on the note. Appellants argue the trial court erred in considering attorneys' fees in calculating the bond amount.

Texas law distinguishes between recovery of attorneys' fees as actual damages and recovery of attorneys' fees incident to recovery of other actual damages. *See In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (noting difference between compensation owed for underlying harm and fees awarded for counsel's services). Attorneys' fees are ordinarily not recoverable as actual damages in and of themselves. *See Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 81–82 (Tex. 2003) (holding that attorneys, who sought to recover damages based solely on value of time and costs incurred in defending claims, affirmatively precluded themselves from any recovery). However, attorneys' fees may be recovered as actual damages in limited circumstances, such as for the recovery of unpaid legal bills arising from a client's contract with his lawyer, or in

a legal malpractice case for the attorneys' fees incurred by the plaintiff in the underlying suit. *See In re Nalle Plastics*, 406 S.W.3d at 174–75 (unpaid legal bills); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 111 (Tex. 2009) (legal malpractice cases).

The Texas Supreme Court held in *In re Nalle Plastics* that attorneys' fees are neither compensatory damages nor costs for purposes of superseding enforcement of a money judgment. 406 S.W.3d at 176; *see also In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014). Appellees cite *Akin, Gump*, 299 S.W.3d at 111, for the proposition that if the underlying suit includes a claim for attorneys' fees as an element of damages, as when there is a claim for unpaid fees, then the fees may properly be included in a compensatory damages award. The supreme court's holding in *Akin, Gump* does not apply to the facts of this case. In this case, appellees sued for breach of a mediated settlement agreement, not attorneys' fees or legal malpractice. Attorneys' fees were sought under chapter 38 of the Texas Civil Practice and Remedies Code, which permits recovery of attorneys' fees when a party prevails in a breach of contract action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001.

Unlike *Akin, Gump*, or *In re Nalle Plastics*, this is not a case where attorneys' fees were part of the compensatory damages alleged. In *In re Nalle Plastics*, the court held, "[i]f the underlying suit concerns a claim for attorney's fees as an element of damages, as with [the law firm's] claim for unpaid fees here, then those fees may properly be included in a judge or jury's compensatory damages award." 406 S.W.3d at 175. The attorneys' fees incurred in enforcing the agreement are incidental to the damages incurred by the default on the note. Therefore, attorneys' fees should not be included as damages in calculating the supersedeas bond amount in this case.

Difficulty arises in determining whether the trial court included attorneys'

fees in calculating the $185,301 bond amount. In this case, it is unclear whether this amount includes the attorneys' fee award. Therefore, we remand this issue to the trial court for findings of fact as to the proper amount of the supersedeas bond taking into account (1) the amount of compensatory damages awarded in the judgment, excluding the attorneys' fee award; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment.

A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court within 30 days of the date of this order.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Brown and Jewell.