STATE FARM FIRE & CASUALTY
COMPANY, Appellant,

v.

LEASING ENTERPRISES, INC., and
Fidelity & Deposit Company of
Maryland, Appellees.

No. C14–85–936–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 1986.

Rehearing Denied Sept. 11, 1986.

Arthur M. Glover, Jr., Jack McKinley,
Houston, for appellant.

Robert L. Lipstet, Constance G. Decker,
Houston, for appellees.

Before JUNELL, DRAUGHN and EL-
LIS, JJ.

## OPINION

JUNELL, Justice.

State Farm Fire & Casualty Company
appeals a summary judgment in favor of

**554**

appellees, Leasing Enterprises, Inc., and Fidelity & Deposit Company of Maryland.

In four points of error, appellant contends the trial court erred in granting appellees' motion for summary judgment and denying appellant's motion for summary judgment. In its fifth point of error appellant claims it was entitled to attorney's fees. We reverse and render.

Kenneth Lee Moore leased a bulldozer from Leasing Enterprises, Inc. The lease obligated Moore to insure the bulldozer against all loss or damage with a loss payable clause in favor of Leasing Enterprises, Inc. Moore insured the bulldozer with appellant but did not obtain a loss payable clause in favor of Leasing Enterprises. The bulldozer was reported by Moore as stolen. Appellant learned Leasing Enterprises owned the machine and paid the claim by issuing a draft for $80,945 jointly payable to Leasing Enterprises and Moore. Moore endorsed the draft, forged Leasing Enterprises' endorsement and presented the draft to Pasadena National Bank. The bank paid the draft.

When it learned of these facts, Leasing Enterprises pursued its U.C.C. remedy against Pasadena National Bank. Leasing Enterprises accepted a settlement with Pasadena National Bank's insurer, Fidelity & Deposit Company of Maryland, for $70,000. The F.B.I. later recovered the bulldozer from a Missouri farm owned by Moore's family. Both Leasing Enterprises and appellant claimed a right to possession of the bulldozer. Leasing Enterprises claimed a right to possession as owner; appellant based its right to possession on its payment under the insurance policy. The parties agreed to sell the bulldozer, invest the proceeds, and seek judicial resolution of their claims. Appellant and appellees filed motions for summary judgment. The trial court granted appellees' motion and awarded the proceeds to appellees. Appellant's motion was denied.

In the first two points of error, appellant asserts the trial court erred in granting appellees' and denying appellant's motions for summary judgment because appellant had been subrogated to appellees' ownership interest in the bulldozer and was entitled to judgment as a matter of law. We agree with appellant's contentions, reverse the summary judgment in favor of appellees and grant summary judgment in favor of appellant.

■ Leasing Enterprises claims that because it was not a named insured under the policy, its ownership rights to the bulldozer could not be subrogated to appellant. Leasing Enterprises had an equitable right to be covered by the insurance policy because the lease required that Moore obtain insurance on the bulldozer with loss payable to Leasing Enterprises. Where a mortgagor or lessee is charged with the duty of obtaining insurance on property with loss payable to the mortgagee or lessor, but the policy does not contain such a provision, equity will treat the policy as having contained the loss payable provision and entitle the mortgagee or lessor to recover under the policy. *Fidelity & Guaranty Insurance Corp. v. Super-Cold Southwest Co.*, 225 S.W.2d 924, 927 (Tex. Civ.App.—Amarillo 1949, writ ref'd n.r.e.); *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 632 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). When Moore contracted to insure the bulldozer for Leasing Enterprises' benefit, Leasing Enterprises obtained the right to stand in Moore's place and receive the benefits under the policy. *Fidelity*, 225 S.W.2d at 927.

By claiming a right to the proceeds of the draft issued by appellant, Leasing Enterprises acknowledged the underlying obligation the draft meant to extinguish. The underlying obligation lay to Leasing Enterprises because it was an insured under the policy. Therefore once Leasing Enterprises acted to claim the proceeds of the draft, even indirectly through its claim against the bank for paying the draft on the forged endorsement, it could not deny it was an insured under the policy.

■ The fact that Leasing Enterprises was not a named beneficiary became irrele-

vant once it accepted the benefits of the policy. Subrogation is an equitable right that arises when the insurer pays a debt under indemnity insurance. *State Farm Mutual Automobile Insurance Co. v. Elkins,* 451 S.W.2d 528 (Tex.Civ.App.—Tyler 1970, no writ). Appellant had a contractual and equitable duty to treat Leasing Enterprises as an insured under the insurance policy. In exchange, appellant was entitled to be subrogated to Leasing Enterprises' rights in the insured property.

The insurance policy provided that any right of action the insured acquired for loss of or damage to the insured property would be subrogated to appellant. Subrogation clauses have been consistently held valid in Texas. *Duval,* 663 S.W.2d at 637. Under principles of equity, Leasing Enterprises was an insured under the policy. By accepting the policy proceeds, albeit in an indirect manner, it assumed the policy obligations as well. The fact that Leasing Enterprises recovered on the forged endorsement rather than directly from appellant and that its co-insured, Moore, rather than some anonymous party committed the forgery are irrelevant to appellant's right of subrogation once appellant had fulfilled its obligations under the policy. If an insurer pays its insured the actual value of property covered by theft insurance and the property is later recovered, the insurer is entitled to the property. Appellant paid the actual value of the bulldozer. To allow Leasing Enterprises to keep both the proceeds of the insurance policy and the bulldozer would be to allow a double recovery; this we cannot do. We hold that appellant was subrogated to Leasing Enterprises' ownership rights in the bulldozer and was entitled to recover the proceeds from the sale of the bulldozer.

■ Leasing Enterprises argues that it was not fully compensated for its loss and that any subrogation rights appellant may have had would not be effective until Leasing Enterprises had been made whole under the terms of the lease. Leasing Enterprises claims the lease gave it the right to collect all rentals due under the full lease term and the right to have the bulldozer back when the lease expired. It also claims not to have been made whole because it settled its claim on the forged endorsement for less than the full amount of the draft.

It is irrelevant to appellant's claim to the bulldozer that Leasing Enterprises settled its claim on the forged endorsement for less than the full amount to which it was entitled. The insurance policy covered the value of the lost or damaged property, not the value of the lease on the property. Once Leasing Enterprises had recouped the value of property it had recovered all it was entitled to receive under the insurance policy. *See Publix Theatres Corp. v. Powell,* 123 Tex. 304, 171 S.W.2d 237 (1934). Having paid the value of the bulldozer, appellant fulfilled its obligation to its insured. Appellant had no duty to indemnify Leasing Enterprises for the value of the lease.

Nor is Leasing Enterprises entitled to recover from appellant the difference between the amount of the insurance proceeds and the amount recovered from Pasadena National Bank on the forged endorsement. Leasing Enterprises chose to settle for less than it was entitled to recover on the draft. In so doing Leasing Enterprises voluntarily compromised its claim against Pasadena National Bank. Appellant has no duty to compensate Leasing Enterprises for voluntarily accepting less than the full amount payable on the draft.

■ In point of error five, appellant claims it was entitled to recover attorney's fees as part of a summary judgment in its favor. Appellant failed to plead for or present proof concerning attorney's fees in its motion for summary judgment. Since a claim for attorney's fees in a summary judgment action must be pled and supported by competent summary judgment evidence, appellant has waived its claim for attorney's fees. Appellant's fifth point of error is overruled.

We reverse the summary judgment in favor of appellees and grant summary

judgment in favor of appellant. Appellant's claim for attorney's fees is denied.