# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-15-00643-CV

**Bryan D. "Doug" Lippert and Jane Lippert, Appellants**

**v.**

**Chris Eldridge, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C2014-1453C, HONORABLE BRUCE R. BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion dated May 11, 2016 and substitute the following opinion in its place, and we overrule appellee's motion for rehearing.

Bryan and Jane Lippert, homeowners in the deed-restricted community of Comal Trace in Bulverde, Texas, and members of the Comal Trace Homeowners Association, appeal the trial court's summary judgment in favor of Chris Eldridge, volunteer president of the Association's Board of Directors. After a dispute about a fence in the Lipperts' backyard escalated, the Lipperts filed suit against the Association alleging, among other causes, tortious interference with property rights. They later amended their pleading to add a cause of action for invasion of privacy against Eldridge after he barred them from attending an Association meeting and allegedly made

comments about them at the meeting. The trial court granted Eldridge's traditional motion for summary judgment, in which he asserted that he was immune from liability under state and federal "volunteer immunity" statutes. *See* 42 U.S.C. § 14503; Tex. Bus. Orgs. Code § 22.235. For the following reasons, we will reverse the trial court's summary judgment and remand this cause for further proceedings.

## DISCUSSION[1]

In his traditional motion for summary judgment, Eldridge asserted that he was immune from liability as a volunteer under both state and federal law, citing the Texas Non-Profit Corporations Act (the Texas Act), Tex. Bus. Orgs. Code § 22.235, and the "Federal Volunteer Act" (the Federal Act), 42 U.S.C. § 14503. He cited Texas Rule of Civil Procedure 166a(c) as the basis for his motion and the standard by which the trial court must consider it.[2] *See* Tex. R. Civ. P. 166a(c) (trial court shall render judgment if record at time of hearing shows that "there is no genuine issue

---

[1] The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

[2] We do not credit Eldridge's assertion on appeal that his traditional motion was also a no-evidence motion simply because one sentence therein stated, "There is no evidence to suggest that Eldridge was acting in bad faith, failing to exercise ordinary care, or acting absent reasonable belief that there [sic] actions were in the best interest of the corporation." His motion was entitled "Traditional Motion for Summary Judgment," cited the standards and the rule applying only to traditional summary judgments (Rule 166a(c)), and attached evidence attempting to conclusively establish his right to the requested relief. *See Hamlett v. Holcomb*, 69 S.W.3d 816, 818–19 (Tex. App.—Corpus Christi 2002, no pet.) ("When it is not readily apparent to the trial court that summary judgment is sought under rule 166a(i) [the no-evidence rule], the appellate court will presume that the motion is filed under the traditional summary judgment rule and analyze it accordingly.").

of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion").

Eldridge attached to his motion his own affidavit in support of his claimed immunity as a volunteer officer of the nonprofit Association, containing the following relevant statements[3]:

1.   On January 27, 2015, we had a regular Association Board Meeting. Prior to the meeting, the other Board Members and I discussed Article IV Section 6 of the By-Laws which indicates that owners involved in litigation with the Association are not members in good standing and may not participate in Association meetings and activities. The Board unanimously agreed that this applied to the Lipperts, who had sued the Association. Based on this discussion by the Board, I asked the Lipperts to step out of the room where the Board Meeting was to be held. . . . I was not aware at this time of the changes to the Texas Property Code which do not allow homeowners associations to keep a member from attending meetings.

2.   All decisions I made as an officer were made in good faith, and I exercised ordinary care and sought the input of other board members, before making any decisions that are being challenged by Plaintiffs. I believe that all the decisions I have made as an officer were in the best interests of the Association.

3.   While volunteering as a Board member for the Association, I did not take any action intending to cause any injury or harm to the Plaintiffs, nor did I commit criminal misconduct, act in a grossly negligent manner, or engage in reckless misconduct, or flagrant indifference to the rights or safety of others, specifically in regards to Plaintiffs.

The Lipperts submitted evidence in response, including Doug Lippert's (Doug) affidavit in which he averred that Eldridge "drop[ped] his voice" and spoke softly or inaudibly when he represented to him that he had consulted with Tina Jameson, an employee of the Association's

_____

[3] We have altered the numbering of these statements from the paragraph numbers as they appear in Eldridge's affidavit.

3

property-management company, and that Jameson was in agreement with the Board's decision to exclude the Lipperts from the meeting. Doug further averred that Eldridge's actions led him to believe that Eldridge "was lying" about what Jameson had advised and that he "ejected" the Lipperts from the meeting right before it started, rather than in the 20 minutes during which the Lipperts sat waiting for the meeting to begin, "with the intention of maximizing our public humiliation" and to "use the public forum to make false and slanderous statements about the Lipperts."

The trial court heard Eldridge's motion and granted it, and the Lipperts filed a motion to reconsider, attaching deposition testimony from Jameson, in which she testified that, while she did not specifically mention the Property Code,[4] she advised Eldridge that it was unlawful to exclude the Lipperts from attending the meeting and that Eldridge publicly announced to the meeting attendees that the Lipperts had sued the Association and therefore could not attend the meeting. The trial court held a hearing on the motion to reconsider and admitted the Jameson deposition[5] but ultimately denied the motion to reconsider.

On appeal, the Lipperts contend that the trial court erred in granting Eldridge's summary-judgment motion because he had not established entitlement to summary judgment as a matter of law under either of the cited "volunteer immunity" statutes and that, in any case, the statutes do not provide immunity for intentional acts that are in violation of state or federal laws.

---

[4] The Lipperts claim that by excluding them from the meeting, Eldridge violated the Texas Property Code. *See* Tex. Prop. Code § 209.0051(c) ("regular and special board meetings [of property owners' associations] must be open to owners, subject to the right of the board to adjourn a board meeting and reconvene in closed executive session . . . .").

[5] Eldridge does not appeal the trial court's admission of the Jameson deposition.

4

They also contend that the trial court could not have relied on the conclusory statements in Eldridge's affidavit to support summary judgment in his favor, the issue to which we first turn.

Statements are conclusory when they are not supported by any underlying facts, and statements asserting mere legal conclusions are insufficient to establish the existence of a fact issue. *See Hall v. Bean*, 416 S.W.3d 490, 494–95 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984)). We hold that paragraphs 2 and 3 in Eldridge's affidavit, as cited above, are conclusory; do not constitute competent summary-judgment evidence; and may not support the trial court's judgment. *See id.* (citing *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999)). Therefore, we consider whether paragraph 1 entitled Eldridge to judgment as a matter of law under either of the cited statutes, resolving all doubts and reasonable inferences in the Lipperts' favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *see also M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (holding that motion for summary judgment must stand on its own merits and conclusively establish movant's cause of action or defense, and nonmovant need not respond to motion if movant's summary-judgment proof is insufficient as matter of law to support summary judgment).

### The Federal Act

The applicable provision of the Federal Act provides:

[N]o volunteer of a nonprofit organization or governmental entity shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity if–

(1) the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act or omission; [and]

5

* * *

> (3) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer.

42 U.S.C. § 14503. The parties dispute whether immunity under this provision is an affirmative defense on which Eldridge had the burden of proof. *See Doctor v. Pardue*, 186 S.W.3d 4, 8 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (noting that charitable immunity has been treated as affirmative defense that must be pleaded and proved by parties seeking its application); *see also Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 939 (Tex. 1992) (stating that governmental immunity and charitable immunity can be waived by failure to assert them as affirmative defenses). We conclude that under the plain language of the federal statute ("no volunteer . . . shall be liable . . . *if* . . . .," *id.* (emphasis added)), a defendant has the burden to prove all elements of his immunity as an affirmative defense. *See Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996) ("When a party moves for summary judgment based on an affirmative defense, the movant must establish each element of its defense as a matter of law.").

The Lipperts contend that Eldridge did not conclusively establish the first element because he was acting "ultra vires" by violating the Property Code and, therefore, not within the scope of his responsibilities. However, we need not reach that issue because we conclude that Eldridge's summary-judgment evidence—specifically, paragraph 1 in his affidavit—did not conclusively establish the third element of the immunity defense: that his exclusion of the Lipperts from the meeting was not caused by "willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference" to the Lipperts' rights, *see* 42 U.S.C. § 14503(a)(3),

6

particularly in light of the Jameson deposition and Doug's affidavit and indulging reasonable inferences and resolving doubts in their favor, *see Nixon*, 690 S.W.2d at 548. Accordingly, the trial court erred in granting summary judgment in favor of Eldridge on the basis of the Federal Act.

*The Texas Act*

The applicable section of the Texas Act provides:

> An officer [of a nonprofit corporation] is not liable to the corporation or any other person for an action taken or omission made by the officer in the person's capacity as an officer unless the officer's conduct was not exercised: (1) in good faith; (2) with ordinary care; and (3) in a manner the officer reasonably believes to be in the best interest of the corporation.

Tex. Bus. Orgs. Code § 22.235(a).[6] As with the Federal Act, the parties dispute whether immunity under the Texas Act constitutes an affirmative defense. *Compare Priddy v. Rawson*, 282 S.W.3d 588, 594 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that director immunity under different but similar section of business organizations code was not affirmative defense, based on statutory language requiring person "seeking to establish liability of a director *to prove* . . ." (emphasis added)), *with Pardue*, 186 S.W.3d at 8 (noting that charitable immunity is generally affirmative defense). However, we need not resolve this conflict because even if the burden were on the Lipperts to prove all three elements listed in the statute, Eldridge's paragraph 1 did not conclusively negate any of those three elements, *see Dixon v. Houston Raceway Park, Inc.*,

---

[6] It is undisputed that Eldridge, as president of the Association, was an officer of the Association. It is also undisputed that the Association is a nonprofit corporation under the Texas Act and that section 22.235 applies to the Association. *See* Tex. Bus. Orgs. Code § 22.001(5) ("'Nonprofit corporation' means a corporation no part of the income of which is distributable to a member, director, or officer of the corporation, except as provided by Section 22.054.").

7

874 S.W.2d 760, 762 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("Once the movant has produced competent evidence to negate a necessary element of the nonmovant's cause of action, the burden shifts to the nonmovant to introduce evidence that raises a fact issue with respect to the element negated by the movant's summary judgment evidence."), particularly in light of Jameson's deposition and Doug's affidavit and indulging reasonable inferences and resolving doubts in the Lipperts' favor, *see Nixon*, 690 S.W.2d at 548.

Furthermore, the issues of ordinary care, good faith, and reasonable belief are generally fact questions to be resolved by the factfinder and not on summary judgment unless they are conclusively established, and paragraph 1 in Eldridge's affidavit did not conclusively establish any of these elements. *See, e.g.*, *Corral-Lerma v. Border Demolition & Envtl. Inc.*, 467 S.W.3d 109, 122 (Tex. App.—El Paso 2015, pet. filed) (holding that summary judgment was improper because evidence created fact issue on whether party reasonably believed agent had apparent authority); *Adams v. Downey*, 124 S.W.3d 769, 774 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (noting that movant on summary judgment fails to conclusively establish good faith when material facts relied on to support it are disputed). On this record, a reasonable factfinder could have drawn inferences or conclusions other than those that the trial court impliedly drew in favor of Eldridge. Resolving all reasonable inferences and resolving doubts in the Lipperts' favor, we conclude that the trial court erred in granting Eldridge summary judgment under the Texas Act. *See Nixon*, 690 S.W.2d at 546.

**CONCLUSION**

For the foregoing reasons, we reverse the trial court's summary judgment and remand this cause for further proceedings consistent with this opinion.

8

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Remanded on Motion for Rehearing

Filed:   October 12, 2016

9